14-2684
*Beare v. Millington*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of June, two thousand fifteen.

PRESENT:   RICHARD C. WESLEY,
               PETER W. HALL,
               RAYMOND J. LOHIER, JR.,
                         *Circuit Judges.*

_____

LEATRICE HARRIS,

                         *Plaintiff,*

JENNIFER BEARE, EXECUTRIX OF THE ESTATE OF LEATRICE HARRIS, RICHARD WRIGHT, ADMINISTRATOR C.T.A. OF THE ESTATE OF LEATRICE HARRIS,

                         *Plaintiffs-Appellants,*

        -v.-                                          No. 14-2684

ZSA ZSA MILLINGTON,

> *Defendant-Appellee.*

---

FOR APPELLANTS:   PAUL A. SCHNEYER, Paul A. Schneyer PC, New York, NY.

FOR APPELLEE:   ZSA ZSA MILLINGTON, Bordentown, NH.

Appeal from orders of the United States District Court for the Eastern District of New York (Melançon, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the orders of the district court are

**AFFIRMED**

Appellants Jennifer Beare, the executrix of the estate of Leatrice Harris, and Richard Wright, the administrator c.t.a. of the estate, through counsel, appeal the district court's orders granting summary judgment in favor of Zsa Zsa Millington, and denying their Federal Rule of Civil Procedure 60(b) motion. Harris's suit against Millington raised state law claims arising from a deed and power of attorney Harris signed in Millington's favor in 2007. After Harris's death, the Appellants were substituted as plaintiffs. We assume the parties'

familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo* and determine whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003). The Court is required to resolve all ambiguities and draw all factual inferences in favor of the nonmovant. *Nationwide Life Ins. Co. v. Bankers Leasing Assoc., Inc.*, 182 F.3d 157, 160 (2d Cir. 1999).

Here, the district court properly granted Millington summary judgment on Appellants' claims. We affirm for substantially the reasons stated by the district court in its thorough March 25, 2014, order. A few issues warrant brief discussion.

Most of Appellants' claims of error are premised on arguments raised for the first time in the motion for reconsideration. We do not generally consider claims that were raised for the first time in a motion for reconsideration, *see Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 159 (2d Cir. 2003), and there is no reason to do so here. Each of the

facts and legal arguments Appellants relied on in the motion for reconsideration was available to them before the court granted summary judgment. *See Phillips v. City of New York*, 775 F.3d 538, 544 (2d Cir. 2015) (party waived arguments, which were based on documents they obtained during discovery, when their arguments were raised for the first time in a motion for reconsideration).

We reject Appellants' argument that the complaint and opposition to summary judgment raised a constructive fraud claim. Under New York law, actual fraud and constructive fraud are separate claims. *See Brown v. Lockwood*, 76 A.D.2d 721, 730 (2d Dep't 1980) ("The law recognizes two kinds of fraud— actual or constructive."). Here, Appellant's opposition to summary judgment cited the legal standard for actual fraud, and the court applied this same standard. Neither the complaint nor the opposition asserted a constructive fraud claim.

Turning to the motion for reconsideration, the district court and the parties considered the motion to have been brought under Rule 60(b), but this Rule applies only to final orders and judgments. *See* Fed. R. Civ. P. 60(b); *Fennell v. TLB Kent Co.*, 865 F.2d 498, 501 (2d Cir. 1989). The district court's entry of judgment, following its grant of summary judgment, was not final because

4

Millington's counterclaim remained pending, and the court did not direct entry of a final judgment pursuant to Rule 54(b).  *See* Fed. R. Civ. P. 54(b).  Rule 60(b) was therefore inapplicable to the motion, which we construe as having been brought under the district court's Local Rule 6.3.

We review the denial of reconsideration for abuse of discretion.  *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A party may not use a motion for reconsideration to advance theories of relief or facts that were not previously presented to the court.  *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001).  Because Appellants' motion did exactly this, the court's denial was not an abuse of discretion.  We agree with the district court that evidence a witness recanted her deposition testimony was not new, since it is undisputed that Appellants were aware of the witness's admission before the court granted summary judgment.

We have considered all of Appellants' remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5